IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES EARL TURNER,<br>Petitioner, | § § § | |
| v. | § | Civil Action No. 4:11-CV-378-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner James Earl Turner, TDCJ # 457393, is a state prisoner in custody of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division, in Huntsville, Texas. Respondent Rick Thaler, is Director of TDCJ.

#### C. BACKGROUND

Petitioner is serving a 99-year sentence on his 1987 conviction for aggravated robbery with a deadly weapon in Tarrant County, Texas, in Cause No. 0287087D. (Resp't Ans., Exs. A & D) In

1988 petitioner was erroneously released from custody, and, while on release, he committed another aggravated robbery in 1991 in Wood County, Texas. (*Id.*, Ex. A) On November 22, 1992, he was convicted and sentenced in Wood County to life imprisonment in Cause No. 13,193-91, the sentence to be served consecutively to his 99-year sentence in Cause No. 0287087D. (*Id.*) Petitioner was re-released to supervision on December 17, 2007, but his release was later revoked on July 19, 2010. (*Id.*) Petitioner was denied parole on March 17, 2011, and his next parole review date is scheduled for March 2012. (Pet., Ex. 3)

Petitioner filed this federal petition on June 2, 2011, wherein he raises two grounds for relief. Petitioner appears to challenge his 1987 conviction in Cause No. 0287087D (ground one), the requirement that he register as a sex offender in violation of due process and equal protection (ground two), and TDCJ's calculations regarding his eligibility for release on parole or mandatory supervision and the discharge of his sentence, in that he has served one-third or more than twenty years of his 99-year sentence (ground two). (Pet. at 7 & Attachs.) The state has filed an answer asserting the petition should be dismissed under the federal statute of limitations, in part, and dismissed without prejudice on exhaustion grounds, in part. (Resp't Ans. at 3-10)

## D. STATUTE OF LIMITATIONS

Respondent asserts petitioner's claim under ground one should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

2

>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to petitioner's first ground, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. Respondent provides proof that petitioner appealed his 1987 Tarrant County conviction, and the Second Court of Appeals affirmed the trial court's judgment on May 11, 1988. Petitioner did not file a petition for discretionary review. (Resp't Exs. B & C) Thus, under Texas law, the state court's judgment became final thirty days after the court of appeals' affirmance on June

3

10, 1988, prior to the effective date of the AEDPA. Accordingly, a federal petition challenging the conviction was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Statutory tolling under subsection (d)(2) is inapplicable because petitioner did not challenge the conviction in an article 11.07 postconviction writ of habeas corpus. (Resp't Ex. B) Nor has petitioner replied to respondent's answer or otherwise asserted a reason for his failure to file his petition in a timely manner, and the record reveals none. Therefore, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Petitioner's federal petition as to ground one was due on or before April 24, 1997, and his petition filed on June 2, 2011, is untimely.

### E. Exhaustion of Remedies in State Court

Respondent asserts petitioner's claims under ground two are unexhausted and should be dismissed without prejudice. Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c)[1]; *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A Texas prisoner may satisfy the exhaustion

---

[1] The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or

(continued...)

requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, or as in this instance, a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Ct. of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). This requires that the state court be given a fair opportunity to pass on the claims, which in turn requires that the applicant present his claims in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). An exception to the exhaustion requirement is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief. *See* 28 U.S.C. § 2254(b); *Duckworth v. Serano,* 454 U.S. 1, 3 (1981).

Petitioner has neither responded to respondent's answer nor demonstrated an absence of opportunity to obtain redress for relief in the state courts or an inadequate state corrective process for the purpose of raising his claims under his second ground. Because the state courts have not been afforded a fair opportunity to consider the merits of petitioner's claims, the claims are unexhausted. Petitioner must first pursue his state habeas corpus remedies, in addition to any applicable administrative remedies, before seeking relief under § 2254. Absent a showing that state remedies

---

[1](...continued)
          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

. . .

          (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

are unavailable or inadequate, petitioner cannot now proceed in federal court in habeas corpus. Accordingly, dismissal of ground two for lack of exhaustion is warranted so that petitioner can fully exhaust his state court remedies as to his claims therein and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.[2]

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for writ of habeas corpus be DISMISSED as to ground one as untimely and DISMISSED without prejudice as to ground two, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 18, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

---

[2] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

6

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until October 18, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September __28__, 2011.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE