```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

JAMES EARL TURNER,              §
                                §
VS.                             §   CIVIL ACTION NO.4:11-CV-378-Y
                                §
RICK THALER,                    §
Director, T.D.C.J.              §
Correctional Institutions Div.  §

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
      and ORDER DENYING CERTIFICATE OF APPEALABILITY

In this action brought by petitioner James Earl Turner under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 28, 2011; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 14, 2011.

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled. Specifically, the first ground for relief, which challenges Turner's 1987 conviction in cause number 0287087D, must be dismissed with prejudice. The remaining grounds for relief, which challenge as a violation of due process and equal protection the requirement that Turner register as a sex offender, and which challenge TDCJ's calculation regarding his eligibility for release on parole or mandatory supervision and the discharge of his sentence, must be dismissed without prejudice, except as to any application of the federal statue of limitations or other procedural bar that may apply. All this for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Petitioner Turner's first ground for relief in the petition for writ of habeas corpus is DISMISSED WITH PREJUDICE, and the remaining grounds for relief are DISMISSED WITHOUT PREJUDICE, except as to any application of the federal statute of limitations or other federal procedural bar that may apply.[1]

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

---

[1] A one-year statute of limitations is applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. *See* 28 U.S.C.A. § 2244(d)(1-4)(West 2006). The statute of limitations is tolled, however, while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C.A. § 2244(d)(2)(West 2006).

[2] *See* Fed. R. App. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

2

Upon review and consideration of the record in the above-referenced case as to whether petitioner Turner has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the September 28, 2011, Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED October 20, 2011.

                                      */s/ Terry R. Means*
                                      TERRY R. MEANS
                                      UNITED STATES DISTRICT JUDGE

---

[6] *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).